IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

DELIA G. MORENO,

        Plaintiff,

v.

KILOLO KIJAKAZI,[1]
**Acting Commissioner of the
Social Security Administration,**

        Defendant.

Case No. 19-CV-416-JFH-SPS

### ORDER AND OPINION

Before the Court is the Report and Recommendation of United States Magistrate Judge Steven P. Shreder reviewing the decision of the Commissioner of the Social Security Administration ("Commissioner") to deny disability benefits to Plaintiff Delia G. Moreno ("Moreno"). Dkt. No. 13. Magistrate Judge Shreder recommends the Commissioner's denial of benefits be reversed and the case be remanded to the assigned administrative law judge ("ALJ") for further proceedings. *Id.* The Commissioner objects. Dkt. No. 14. For the reasons set forth below, the Court agrees with the Magistrate Judge, overrules the Commissioner's objection, adopts the Report and Recommendation, and reverses and remands the Commissioner's decision.

### STANDARD

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the

---

[1] On July 9, 2021, Kilolo Kijakazi became the Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Kijakazi is substituted for Andrew M. Saul as the Defendant in this action.

matter to the magistrate judge with instructions." In the disability benefits context, *de novo* review is limited to determining "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart,* 331 F.3d 758, 760 (10th Cir. 2003). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989)). It is more than a scintilla, but less than a preponderance. *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007). On review, the Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White v. Barnhart,* 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

## ANALYSIS

The Commissioner first objects to the Report and Recommendation because, in her estimation, Magistrate Judge Shreder "recommends that the Court remand based on an issue that was neither argued nor briefed by the parties." Dkt. No. 14 at 1. The authorities she cites address waiver by plaintiffs who fail to support their arguments with adequate briefing. *Id.* at 2. This is not the case here. A reviewing court must "examine the record as a whole, including whatever in the record fairly detracts from the weight of the [ALJ's] decision and, on that basis, determine if the substantiality of the evidence test has been met." *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800-01 (10th Cir. 1991). It was not error for the Magistrate Judge to do just that.

The Commissioner's second objection is that the Magistrate Judge "misread" a medical witness' opinion. Dkt. No. 14 at 2. The Magistrate Judge concluded that the ALJ adopted a number of limitations proposed by Dr. John Anigbogu ("Dr. Anigbogu") but omitted a limitation regarding the amount of time Moreno could stand or walk during a standard workday. Dkt. No. 13 at 8. The ALJ cited Dr. Anigbogu's opinion when he concluded Moreno's "performance of

2

'light' work is supported by the normal gait and ambulation without the aid of an assistive device." Dkt. No. 7 at 536.  He continued, based on Dr. Anigbogu's opinion, that Moreno "would have the additional limitations of frequent operation of foot controls bilaterally; frequent climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; and frequent balancing, stooping, kneeling, crouching, and crawling." *Id.*  These capabilities are reflected in Dr. Anigbogu's Medical Statement of Ability to Do Work-Related Activities.  *Id.* at 912-17.   Yet, Dr. Anigbogu's assessment also states that Moreno could sit for up to six hours but only stand or walk for up to three hours of an eight-hour workday. *Id.* at 913.

The Magistrate Judge reasoned that the ALJ's failure to mention Moreno's limitation that she "could only stand/walk up to three hours in a workday, or why he had rejected it" was "improper picking and choosing."  Dkt. No. 13 at 9.  The Commissioner claims that the ALJ factored this limitation to Moreno's residual functional capacity because he limited her to light work. Dkt. No. 14 at 2.  "Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." Titles II & XVI: Determining Capability to Do Other Work-the Med.-Vocational Rules of Appendix 2, SSR 83-10 (S.S.A. 1983).

It is true that an ALJ is not required to discuss every piece of evidence as long as the record demonstrates that the ALJ considered all the evidence. *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).  However, the issue here is not whether the ALJ discussed Dr. Anigbogu's opinion generally—clearly, he did.  The ALJ described numerous abilities Dr. Anigbogu believed Moreno possessed, but he did not address the limitation Dr. Anigbogu put on these activities.  The Court does not believe that the ALJ's light work determination reflects the limitation.  The six-hour combination of standing and walking described above could involve, for instance, five hours

of standing and one hour of walking.  This would not be within Moreno's abilities according to Dr. Anigbogu.  The Tenth Circuit has "repeatedly held that '[a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability.'" *Chapo v. Astrue*, 682 F.3d 1285, 1292 (10th Cir. 2012) (quoting *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)).  The Court agrees with the Magistrate Judge that the ALJ's assessment indicates improper picking and choosing of Dr. Anigbogu's opinion.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Commissioner's Objection [Dkt. No. 14] is **OVERRULED**.  The Court **ADOPTS** the Magistrate Judge's Report and Recommendation [Dkt. No. 13], **REVERSES** the Commissioner's denial of benefits, and **REMANDS** the case for further administrative proceedings.

DATED this 25th day of March 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

4